UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: _____

OLD REPUBLIC SURETY COMPANY,

     Plaintiff,

v.

ALCO WINDOWS AND DOORS, LLC,
and LUIS ALVAREZ,

     Defendants.

_____/

## COMPLAINT FOR DAMAGES AND EQUITABLE RELIEF

Plaintiff, OLD REPUBLIC SURETY COMPANY, by and through its undersigned counsel, hereby sues the Defendants, ALCO WINDOWS AND DOORS, LLC and LUIS ALVAREZ (collectively, the "INDEMNITORS"), and allege as follows:

### I.     JURISDICTION AND VENUE

1. This is an action for breach of contract and supplemental relief under 28 U.S.C. §§1332 and 2202.

2. Subject matter jurisdiction is based upon 28 U.S.C. §1332(a)(1), diversity of citizenship. The parties are citizens of different states and the amount in question exceeds the jurisdictional limits of this Court.

3. Plaintiff, OLD REPUBLIC SURETY COMPANY ("ORSC"), is a corporation organized and existing under the laws of the State of Wisconsin, whose principal place of business is located in Brookfield, Wisconsin, and which is registered with and authorized to do business within the State of Florida. ORSC is a resident of the State of Wisconsin.

CASE NO.: _____

4.  Defendant, ALCO WINDOWS AND DOORS, LLC ("ALCO"), is a for-profit corporation organized and existing under the laws of the State of Florida, whose principal place of business is located in Miami-Dade County, Florida. ALCO is a resident of the State of Florida. Upon information and belief, no members of ALCO are incorporated or have their principal place of business in, or if individuals have their primary residence in the State of Wisconsin, so as to be citizens of that State; there is, however, no public information available regarding the members of ALCO.

5.  Defendant, LUIS ALVAREZ, is an individual who resides in Miami-Dade County, Florida, and who is otherwise *sui juris*.

6.  Venue is proper in this Court because it is the situs where the legal obligation arose, where ALCO conducted business which gives rise to the instant claims, and where at least one of the Defendants reside.

7.  All conditions precedent to the filing of the instant action have occurred or have otherwise been waived.

## II.    GENERAL ALLEGATIONS

### A.    The *Bond* and Bonded Contract

8.  ORSC is engaged in the business of providing surety bonds.

9.  On or about December 29, 2020, the Excelsior Condominium, Inc. ("Excelsior"), as owner, and ALCO, as contractor, entered into a construction contract for the removal and installation of doors and windows and other work incidental thereto (the "*Contract*") at the project known as "The Excelsior Condominium" (the "Project") in the amount of $324,843.69.

10.  On or about July 19, 2021, ORSC, as surety, issued a single *Performance and Payment Bond* bearing no. 5947943 (the "*Bond*"), on behalf of ALCO, as principal, and in favor

2

CASE NO.: _____

of Excelsior, as obligee, in connection with the *Contract*. The *Bond* has a penal sum of $324,843.69.  A true and correct copy of the *Bond* is attached hereto and made a part hereof as **Exhibit "A"**.

### B.        The *Indemnity Agreement*

11.        As a condition precedent to ORSC issuing the *Bond*, on or about July 19, 2021, each of the INDEMNITORS executed an *Indemnity Agreement* (the "*Indemnity Agreement*") in favor of ORSC. A true and correct copy of the *Indemnity Agreement* is attached hereto and made a part hereof as **Exhibit "B"**.

12.        Pursuant to the *Indemnity Agreement*, the INDEMNITORS, jointly and severally, agreed to indemnify and hold ORSC harmless from and against any and all claims, demands, or legal expenses incurred as a result of ORSC's issuance of the *Bond*:

> I/We agree individually and as a firm to ***fully indemnify and hold harmless Surety from and against any and all claims, demands or legal expenses of any kind or nature*** which arise by reason of the execution of any bonds issued for and/or on behalf, or at the request of, any and/or all Indemnitors including attorney fees and costs incurred by Surety in enforcing the terms of this Application. (Emphasis added)

13.        Pursuant to the *Indemnity Agreement*, the INDEMNITORS, jointly and severally, agreed that ORSC may settle any and all claims asserted against the *Bond*:

> I/We ***authorize Surety*** as well as its successors and assigns ***to adjust, settle or compromise any claim, demand, suit or judgment upon said bond(s)*** and defend such suit and appeal such judgment or at Surety's election to have the case, cross action or proceeding, or any part of it or any appeal, writ of error, certiorari or any part thereof dismissed. (Emphasis added)

14.        ORSC's *prima facie* entitlement to reimbursement from the INDEMNITORS of its losses and/or expenses is expressly provided for under the *Indemnity Agreement*:

> An ***itemized statement of loss and expense incurred by Surety***, sworn to by an officer of Surety, ***shall be prima facie evidence of the fact and extent of my/our obligation to Surety***. At any time Surety may demand from the undersigned a

3

CASE NO.: _____

monetary sum to secure any actual or contingent liability or claim pertaining to the bond. (Emphasis added)

**C.      Excelsior's Claims Against the *Bond* and ORSC's Resolution Thereof**

15.      During the performance of the *Contract*, issues arose between Excelsior and ALCO, resulting in claims being asserted against ALCO under the *Contract* and against ORSC under the *Bond.*

16.      Following ORSC's investigation, and due to the INDEMNITORS' failure to defend and/or protect ORSC from Excelsior's claim, ORSC and Excelsior entered into a *Settlement Agreement* dated December 11, 2024, pursuant to which ORSC paid Excelsior the sum of $200,000.00 in resolution of ORSC's obligations under the *Bond*. A true and correct copy of the *Settlement Agreement* is attached hereto and made a part hereof as **Exhibit "C"**.

**D.      ORSC's Loss Under the *Indemnity Agreement***

17.      As a result of claims asserted against the *Bond*, ORSC was required to adjust, settle or compromise claims or demands upon the *Bond* as provided for under the *Indemnity Agreement*.

18.      ORSC has incurred significant direct losses under the *Bond,* including ORSC's payment to Excelsior in the amount of $200,000/00 under the *Settlement Agreement*.

19.      As of December 2024, ORSC has incurred expenses under the *Indemnity Agreement*, including attorneys' fees and cost in excess of $40,000.

20.      ORSC continues to be exposed to liability under the *Bond* for continuing losses and/or expenses.

**E.      ORSC's Demands upon INDEMNITORS Under the *Indemnity Agreement***

21.      By correspondence dated June 14, 2024, ORSC made demand upon the INDEMNITORS to immediately satisfy their obligations under the *Indemnity Agreement* by immediately collateralizing ORSC and discharging any liability of the claims ORSC received from

-4-

CASE NO.: _____

Excelsior up to the penal sum of the bond for $324,843.69. A true and correct copy of ORSC's

correspondence dated June 14, 2024, is attached hereto as **Exhibit "D"**. Nonetheless, the

INDEMNITORS failed and/or refused to comply with their obligations.

22.     By correspondence dated February 28, 2025, ORSC made demand upon the

INDEMNITORS to immediately satisfy their obligations under the *Indemnity Agreement* by

immediately making payment to ORSC for the total sum of Two Hundred Forty-One Thousand

Four Hundred Twenty-Seven and 00/100 Dollars ($241,427.00) representing the loss incurred by

ORSC and discharging any liability of the claims ORSC received from Excelsior against. A true

and correct copy of ORSC's correspondence dated February 28, 2025, is attached hereto as

**Exhibit "E"**. Nonetheless, the INDEMNITORS failed and/or refused to comply with their

obligations.

23.     ORSC has retained the services of the undersigned counsel to represent its interests

in this matter and is required to pay a reasonable fee for such services.

24.     Pursuant to the *Indemnity Agreement*, the INDEMNITORS, jointly and severally,

agreed to be liable for, and agreed that ORSC is entitled to recover from the INDEMNITORS, any

and all attorneys' fees and costs incurred in the prosecution of any action under the *Indemnity*

*Agreement*.

**COUNT I - BREACH OF CONTRACT:**
**DAMAGES / DEMAND FOR INDEMNIFICATION**
**<u>(AGAINST INDEMNITORS)</u>**

25.     ORSC re-alleges and re-avers the allegations of paragraphs 1 through 24 hereof, as

if fully set forth herein.

26.     This is an action for damages seeking relief at law under the *Indemnity Agreement*.

CASE NO.: _____

27.     There exists a valid and fully enforceable contract between ORSC and the INDEMNITORS, the terms of which are memorialized in the *Indemnity Agreement*.

28.     ORSC has fully performed all of its obligations under the *Indemnity Agreement*.

29.     As a result of the claims against the *Bond*, ORSC has made demand upon the INDEMNITORS under the *Indemnity Agreement* for the payment in satisfaction of the losses and/or expenses incurred and/or to be incurred by ORSC.

30.     The INDEMNITORS have failed and/or refused to fully perform their obligations under the *Indemnity Agreement*, including, but not limited to their obligation to indemnify ORSC.

31.     As a proximate result of the INDEMNITORS' breach of their obligations under the *Indemnity Agreement*, ORSC has incurred unpaid losses and loss adjustment expenses (including but not limited to expenses associated with attorneys) associated with its investigation, defense and/or handling of the above-described claims against the *Bond*.

WHEREFORE, ORSC respectfully requests that this Honorable Court enter judgment in its favor and against the INDEMNITORS:

a.      Awarding ORSC its general, special and consequential damages which have been and/or will be incurred as a result of the INDEMNITORS' breach of the *Indemnity Agreement*;

b.      Awarding ORSC its attorneys' fees and costs incurred in prosecution of the instant action pursuant to the terms of the *Indemnity Agreement;* and

c.      Awarding ORSC such other and further relief as this Court deems necessary, just and proper.

## COUNT II - COMMON LAW INDEMNIFICATION
### (AGAINST ALCO)

32.     ORSC re-alleges and re-avers the allegations of paragraphs 1 through 24 hereof, as if fully set forth herein.

CASE NO.: _____

33.     This is an action for damages seeking relief at common law and in equity.

34.     There exists a special relationship between ORSC, as surety, and ALCO, as principal, arising out of the parties' business dealings related to the Project and *Bond*, such that it is appropriate for common law indemnification to exist.

35.     ORSC has fully and completely performed any and all obligations arising out of the parties' business dealings related to the Project and *Bond*, and is wholly without fault for any losses, expenses and/or liabilities which have and/or may ultimately arise.

36.     ORSC has incurred losses and/or expenses as a result of the special relationship between ORSC and ALCO.

37.     Any and all losses and expenses incurred to date as a result of the special relationship between ORSC and ALCO, arise only out of the vicarious, constructive, derivative or technical liability imposed upon ORSC as a result of the fault and/or wrongdoing of ALCO.

38.     At common law, ALCO is responsible to ORSC for any and all losses and/or expenses incurred or to be incurred.

WHEREFORE, ORSC respectfully requests that this Honorable Court enter judgment in its favor and against ALCO:

a.   Awarding ORSC its general, special and consequential damages which have been and/or will be incurred as a result of ORSC's payment of losses and/or expenses for which ALCO should be liable under the legal theory of common law indemnity;

b. Awarding ORSC its reasonable attorneys' fees and costs incurred in prosecution of the instant action; and

c. Awarding ORSC such other and further relief as this Court deems necessary, just and proper.

CASE NO.: _____

DATED this <u>3rd</u> day of July 2025.

**ETCHEVERRY HARRISON LLP**
Attorneys for ORSC
150 South Pine Island Road, Suite 105
Ft. Lauderdale, FL 33324
ne: (954) 370-1681
Fax: (954) 370-1682

By: __/s/ *Edward Etcheverry*_____
    Edward Etcheverry, Fla. Bar No.: 856517
    Justin Etcheverry, Fla. Bar No.: 1002742